UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS O. JACKSON,

                     Plaintiff,                          Case No. 1:12-cv-1268

v.                                                       Honorable Robert J. Jonker

UNKNOWN MARRIOT et al.,

                     Defendants.                         **ORDER OF TRANSFER**
_____/

          This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff presently is incarcerated at the Gus Harrison Correctional Facility (ARF).  Plaintiff sues

the following ARF employees:  Officer Unknown Marriot, Inspector B. Foreman, Residential Unit

Manager B. Evers, Sergeant Unknown Messer and Social Worker Christopher Davis.  In his *pro se*

complaint, Plaintiff alleges that Defendants violated his First Amendment rights by retaliating

against him for writing complaints and by impeding his access to the courts.

          Under the revised venue statute, venue in federal-question cases lies in the district

in which any defendant resides or in which a substantial part of the events or omissions giving rise

to the claim occurred.  28 U.S.C. § 1391(b).  The events giving rise to Plaintiff's action occurred at

the Gus Harrison Correctional Facility, which is located in Lenawee County.  Lenawee County is

within the geographical boundaries of the Eastern District of Michigan.  28 U.S.C. § 102(a).

Defendants are public officials serving in Lenawee County, and they "reside" in that county for

purposes of venue over a suit challenging official acts.  *See Butterworth v. Hill*, 114 U.S. 128, 132

(1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Plaintiff's allegations against these

Defendants arose in Lenawee County, where Defendants allegedly committed the acts giving rise to this case.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  In these circumstances, venue is proper only in the Eastern District.  Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).  **It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated:  February 27, 2013                                     /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge