UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

    *Plaintiff*,                                 CASE NO. 13-CV-10827

v.                                      DISTRICT JUDGE BERNARD A. FRIEDMAN
                                         MAGISTRATE JUDGE CHARLES E. BINDER

UNKNOWN MARRIOT, *et al.*,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
OR TEMPORARY RESTRAINING ORDER**
(Doc. 8)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Curtis Jackson is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Ionia Maximum Correctional Facility in Ionia, Michigan. On November 16, 2012, Plaintiff filed a *pro se* civil rights complaint alleging that his constitutional rights were violated in October and November of 2012 while Plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. (Compl., Doc. 1.) Plaintiff names five Defendants, all of whom are MDOC officials who work at the Gus Harrison facility. Specifically, Plaintiff alleges that Defendants violated his First Amendment rights by

confiscating and destroying complaints and letters Plaintiff had written complaining about prison conditions, letters of a sexual nature Plaintiff intended to send to his female friends, court transcripts, and writing supplies. (Compl., Doc. 1.) Plaintiff also alleges that Defendants retaliated against him when he complained by confiscating and destroying more of his letters and materials. (*Id.*)

Plaintiff originally filed his complaint and request to proceed *in forma paueris* in the United States District Court for the Western District of Michigan. Plaintiff was granted *in forma paueris* status and, on February 28, 2013, the case was transferred to this district where venue is proper because Adrian, Michigan, lies within this district's geographical boundaries. 28 U.S.C. § 102(a). On April 2, 2013, U.S. District Judge Bernard A. Friedman referred all pretrial matters to the undersigned magistrate judge. (Doc. 9.)

**B.    Background**

After Plaintiff filed his complaint, he was transferred from the Gus Harrison facility to the Ionia facility. Plaintiff alleges in his motion for temporary restraining order or preliminary injunction that Defendants "Foreman and Messer advised the two prison employees at Ionia to censor and destroy any of Plaintiff's letters and complaints that he attempts to send out [of] the facility that complains about prison conditions." (Doc. 8 ¶ 4.) Plaintiff claims that the officers at the Ionia facility have followed these orders. (*Id.* ¶ 8.) Thus, Plaintiff seeks an injunction "enjoining Defendants Foreman and Messer from a continuous pattern of violating his rights." (*Id.* ¶ 10.) Plaintiff also wants this Court to order "Ionia Correctional Employee F. Hogle and the Inspector (unknown name) to return all Plaintiff's legal documents pertaining to this case, and to

2

return all Plaintiff's letters and written complaints that complain about prison conditions." (*Id.* ¶ 11(B).)

### C. Motion Standards & Governing Law

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held. Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration*, 511 F.3d at 542. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Preliminary injunctive relief is an extraordinary remedy that should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. l984). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much

3

more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

### D.     Analysis & Conclusion

With regard to Plaintiff's request for an order "enjoining Defendants Foreman and Messer from a continuous pattern of violating his rights," I suggest that Plaintiff's request be denied because injunctions ordering parties to obey the law are void. A preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). Courts have consistently held that an injunction that merely instructs a party to "obey the law" is null and void. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that an injunction which prohibited municipality from discriminating on the basis of race would do "no more than instruct the defendant to 'obey the law,'" and therefore was invalid); *Equal Emp't Oppor. Comm'n v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 576 (6th Cir. 1984) ("'[s]uch "obey the law" injunctions cannot be sustained'") (quoting *Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895, 897-98 (5th Cir. 1978)).

With regard to Plaintiff's request for an injunction ordering several officers at the Ionia Correctional Facility to undertake certain actions, I suggest that the motion be denied because these officers are not parties to this case. "It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969) (holding that an injunction was improper because the defendant had not been served with process); *Citizens Alert Regarding the Env't v.*

*United States Envtl. Prot. Agency*, 259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003), *aff'd*, 102 F. App'x 167 (D.C. Cir. 2004) (a district court is "powerless to issue an injunction against" an entity that is "not a party to [the] action").

Accordingly, because neither form of relief Plaintiff requests in his motion is available under the laws and standards governing injunctive relief, I suggest that Plaintiff's motion be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

           s/ *Charles E Binder*
           CHARLES E. BINDER
Dated: May 17, 2013        United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Curtis Jackson, #282320, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI, 48846; and served on District Judge Friedman in the traditional manner.

Date: May 17, 2013             By    s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder