UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

CURTIS JACKSON,

        Plaintiff,

Case No. 13-cv-10827
HON. BERNARD A. FRIEDMAN
MAG. JUDGE CHARLES E. BINDER

vs.

UNKNOWN MARRIOTT, et al.,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**

**I.    Introduction**

*Pro se* plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), commenced this action against defendants, pursuant to 42 U.S.C. § 1983, for violating his constitutional rights under the First Amendment. Defendants are all MDOC employees stationed at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff claims that defendants Foreman and Messer are actively encouraging MDOC employees at the Ionia Correctional Facility (the "Ionia employees"), where he is currently incarcerated, to confiscate and destroy his outgoing mail and legal papers. Plaintiff alleges that defendants Foreman and Messer are seeking to prevent him from filing complaints about "inhumane" prison conditions.

Before the Court are plaintiff's unopposed objections to Magistrate Judge Charles E. Binder's May 17, 2013 Report and Recommendation ("R&R") [docket entries 13 and 15]. The magistrate judge recommended that the Court deny plaintiff's motion for injunctive relief [docket

entry 8]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt the his summary of the factual record as it appears on pages 1 through 3 of the R&R.

In his objections, plaintiff argues that magistrate judges are not authorized to issue reports and recommendations regarding injunctive relief. He maintains that the Court may order the Ionia employees to return his confiscated mail although they are not parties to this action. Finally, plaintiff asserts that the Court should preliminarily enjoin defendants Foreman and Messer from contacting the Ionia employees and encouraging them to confiscate and destroy his outgoing mail and legal papers.

## II.   Analysis

Pursuant to its *de novo* standard of review, the Court finds that the magistrate judge's conclusions are correct. As a preliminary matter, magistrate judges may issue reports and recommendations concerning injunctive relief. See e.g. Seldon v. Lehman Bros., Inc., No. 09-13162, 2010 U.S. Dist. LEXIS 56270, at *1 (E.D. Mich. May 20, 2010) *adopted by* 2010 U.S. Dist. LEXIS 56438 (E.D. Mich. Jun. 8, 2010). Furthermore, the Court is without the authority to order the Ionia employees to return plaintiff's confiscated materials because they are not parties to this action. See Women's Medical Professional Corp. v. Voinovich, 130 F.3d 187, 211 (6th Cir. 1997); Raimondo v. Village of Armada, 197 F. Supp. 2d 833, 849 (E.D. Mich. 2002).

To the extent plaintiff urges the Court to enjoin the conduct of defendants Foreman and Messer because they are interfering with his First Amendment right of access to the courts, this claim is not likely to succeed on the merits.

> "To state a claim for denial of access to the courts, a prisoner must allege that he suffered 'an actual litigation related injury or legal prejudice because of the actions of the defendants.' Erdman v. Martin, 52 F. App'x 801, 803 (6th Cir., Dec. 12, 2002) (citing Casey, 518 U.S. at 349-351); see also Pilgrim v. Littlefield, 92 F.3d

413, 416 (6th Cir. 1996) (to state a claim for denial of access to the courts, Plaintiff must allege that he suffered an 'actual injury, such as 'the late filing of a court document or the dismissal of an otherwise meritorious claim')."

Dunham-Bey v. Wemple, No. 09-191, 2010 U.S. Dist. LEXIS 29769, at *6-8 (W.D. Feb. 4, 2010) *adopted by* 2010 U.S. Dist. LEXIS 29770 (W.D. Mich., Mar. 29, 2010).

Plaintiff merely alleges that the illicit activities of defendants Foreman and Messer "will affect my pending case and witnesses." Pltf. Mot. at 5.  His sworn statement otherwise fails to elucidate what litigation related injury or prejudice, if any, he has suffered on account of their conduct.  In view of the foregoing, the Court declines to preliminarily enjoin defendants Foreman and Messer from communicating with the Ionia employees.

Accordingly,

IT IS ORDERED that Magistrate Judge Binder's May 17, 2013 Report and Recommendation is affirmed.

IT IS FURTHER ORDERED that plaintiff's objections are denied.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction or temporary restraining order is denied.

Jackson v. Unknown Marriott (13-10827)


Dated: June 21, 2013						S/ Bernard A. Friedman
       Detroit, Michigan					BERNARD A. FRIEDMAN
								SENIOR UNITED STATES DISTRICT JUDGE